UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH BUNKLEY,

        Plaintiff,

    v.

COLE HAAN, LLC,

        Defendant.

No.  2:24-cv-00245-DAD-AC

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

(Doc. No. 23)

This matter is before the court on defendant Cole Haan, LLC's motion to dismiss plaintiff's second amended complaint ("SAC").  (Doc. No. 23.)  On May 17, 2024, defendant's motion was taken under submission pursuant to Local Rule 230(g).  (Doc. No. 32.)  For the reasons explained below, the court will grant defendant's motion to dismiss.

**BACKGROUND**

On January 22, 2019, plaintiff Keith Bunkley filed this putative wage-and-hour class action in the Solano County Superior Court.  (Doc. No. 1-2 at 2.)  On January 18, 2024, defendant

/////

/////

/////

/////

/////

1

removed the action to this court.[1]  (Doc. No. 1.)  Thereafter, on January 25, 2024, defendant filed a motion to dismiss plaintiff's complaint.  (Doc. No. 6.)  On February 6, 2024, the parties filed a stipulation pursuant to which defendant withdrew its motion to dismiss and requested that plaintiff be permitted to file a first amended complaint ("FAC").  (Doc. No. 11.)  After the stipulation was adopted by order of the court (Doc. No. 12), on February 16, 2024, plaintiff filed his FAC.  (Doc. No. 13.)  On March 29, 2024, plaintiff filed his operative SAC.  (Doc. No. 22.)  In his SAC, plaintiff alleges the following.

Plaintiff was employed by defendant as an hourly-paid employee from December 2015 to June 2016.  (Doc. No. 22 at ¶ 19.)  During his employment, defendant paid wages and benefits to plaintiff.  (*Id.* at ¶ 23.)  Also during that employment, plaintiff worked over eight hours per day and over forty hours per week.  (*Id.* at ¶ 25.)  Defendant maintained a policy of rounding hours which prevented plaintiff from being paid for the actual hours that he worked.  (*Id.* at ¶ 26.)  Defendant interrupt plaintiff's meal or rest periods, shorten those periods, or skip them entirely.  (*Id.* at ¶¶ 26, 32, 33.)  Defendant also had a policy requiring a keyholder to be on duty in its retail

---

[1]  Title 28 U.S.C. § 1446(b) provides that a case can be timely removed to federal court "(1) 'during the first thirty days after the defendant receives the initial pleading[;]' or (2) 'during the first thirty days after the defendant receives an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable.'" *Chi-Fu Hsueh v. Bankers Life and Cas. Co.*, 421 F. Supp. 3d 937, 941 (S.D. Cal. 2019) (quoting *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015)) (applying § 1446(b) in the Class Action Fairness Act context).  The first 30-day period begins to run upon receipt of the initial pleading "only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction."  *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1181 (E.D. Cal. 2020) (emphasis and quotation marks omitted) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005)).  In this case, defendant contends that plaintiff's original complaint filed in state court did not allege an amount in controversy exceeding $5,000,000 or that minimal diversity existed between the parties.  (Doc. No. 1 at ¶ 16.)  Plaintiff did not contest the timeliness of removal or defendant's related contentions.  Accordingly, the court need not decide whether defendant's removal was timely because plaintiff has waived the issue by not filing a motion to remand.  *See Moch v. N & D Rests., LLC*, No. 8:24-cv-01501-JVS-JDE, 2024 WL 4213587, at *2 (C.D. Cal. Sept. 16, 2024) (citing *Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1121 (9th Cir. 2023) (holding that the thirty-day limit for removal petitions is "merely a formal and modal requirement and is not jurisdictional")); *see also Zeppeiro v. Green Tree Servicing, LLC*, No. 14-cv-01336-MMM-JC, 2014 WL 12596312, at *3 (C.D. Cal. June 16, 2014) (collecting cases finding that untimely removal is a procedural defect which is waived when a motion to remand is not timely filed).

1    stores at all time, which would prevent plaintiff from taking meal or rest breaks on some

2    occasions when he was the only keyholder on duty.  (*Id.* at ¶ 37.)  Plaintiff was not fully

3    compensated by defendant for the overtime hours that he worked.  (*Id.* at ¶ 27.)  Defendant did

4    not use shift premiums, commissions, non-discretionary bonuses, or non-discretionary

5    performance pay to calculate the regular rate of pay or a respective rate of overtime pay.  (*Id.* at

6    ¶ 28.)  Defendant failed to provide plaintiff with accurate wage statements because of the unpaid

7    wages, meal periods, and rest breaks.  (*Id.* at ¶ 43.)  Defendant also pressured plaintiff to use his

8    personal cell phone for work purposes and did not reimburse plaintiff for his expenses.  (*Id.* at

9    ¶ 45.)

10           Based on these allegations, plaintiff asserts the following ten claims in his SAC:

11   (1) failure to pay overtime wages in violation of California Labor Code §§ 510, 1198; (2) failure

12   to provide meal periods in violation of California Labor Code §§ 226.7, 512(a); (3) failure to

13   provide rest periods in violation of California Labor Code § 226.7; (4) failure to pay minimum

14   wages in violation of California Labor Code §§ 1194, 1197, 1197.1; (5) failure to pay all wages

15   due upon separation of employment in violation of California Labor Code §§ 201, 202; (6) failure

16   to timely pay wages in violation of California Labor Code § 204; (7) failure to provide accurate

17   itemized wage statements in violation of California Labor Code § 226(a); (8) failure to maintain

18   accurate and complete payroll records in violation of California Labor Code § 1174(d); (9) failure

19   to reimburse business expenses in violation of California Labor Code §§ 2800, 2802; and (10)

20   violation of California Business & Professional Code §§ 17200, *et seq.* ("the UCL").  (Doc. No.

21   22 at ¶¶ 58–138.)

22           On April 12, 2024, defendant filed the pending motion to dismiss plaintiff's SAC in its

23   entirety.  (Doc. No. 23.)  Plaintiff filed an opposition to that motion, with errata included, on

24   April 29, 2024.  (Doc. No. 26.)  On May 6, 2024, defendant filed its reply thereto.  (Doc. No. 27.)

25                                      **LEGAL STANDARD**

26   **A.     Motion to Dismiss Under Rule 12(b)(6)**

27           The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

28   sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice" to the opposing party.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**B.      Motion to Strike Under Rule 12(f)**

Federal Rule of Civil Procedure 12(f) permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v.*

1  *Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).  "[S]triking the pleadings

2  is considered 'an extreme measure,' and Rule 12(f) motions are, therefore, generally 'viewed with

3  disfavor and infrequently granted.'"  *Fernandez v. CoreLogic Credco, LLC.*, 593 F. Supp. 3d 974,

4  994 (S.D. Cal. 2022) (citation omitted).  Motions to strike "should not be granted unless it is clear

5  that the matter to be stricken could have no possible bearing on the subject matter of the

6  litigation."  *Figueroa v. Kern County*, 506 F. Supp. 3d 1051, 1056 (E.D. Cal. 2020) (citation

7  omitted).  A decision whether to strike certain material is committed to the sound discretion of the

8  district court.  *Whittlestone*, 618 F.3d at 973.

9  **ANALYSIS**

10  **A.     Motion to Strike**

11       As an initial matter, defendant argues that the court should strike plaintiff's allegations in

12  his SAC that defendant engaged in rounding.  (Doc. No. 23-1 at 16.)  Defendant argues that these

13  allegations should be stricken because "[t]hat claim was nowhere previously pled in [plaintiff's]

14  original [c]omplaint, and should not be permitted to be asserted for the first time five years after

15  the filing of the [c]omplaint."  (Doc. No. 23-1 at 16.)  Defendant also argues that the rounding

16  allegations do not satisfy Rule 8 because they do not specify a particular instance of rounding

17  occurring.  (Doc. No. 23-1 at 17.)  In opposition, plaintiff contends that he has added no new

18  claims in his SAC and explains that his allegations regarding rounding simply lend further factual

19  support to his previously asserted claims.  (Doc. No. 26 at 12.)  Further, he notes that his

20  allegation that his April 1, 2016 wage statement was inaccurately rounded due to defendant's

21  rounding policy is sufficient to satisfy the pleading requirements of Rule 8.  (*Id.*)

22       The court previously granted plaintiff an opportunity to amend his FAC pursuant to

23  stipulation.  (Doc. No. 21.)  The parties' stipulation noted that plaintiff sought to amend his FAC

24  to "address defendant's continuing Rule 8 challenges as to his originally pled claims" and to

25  specify the allegations as to his existing claims[.]"  (Doc. No. 20 at 2.)  The court finds that

26  plaintiff's added allegations regarding rounding provide additional specificity as to his overtime

27  and minimum wage claims, and therefore concludes that plaintiff's amendment in this regard is

28  within the scope of the leave to amend granted.  *Harrell v. City of Gilroy*, No. 17-cv-05204-LHK,

2018 WL 2383212, at *5 (N.D. Cal. May 25, 2018) (declining to strike newly added parties and causes of action where the court's prior order "did not explicitly limit the scope of amendment").

Defendant's alternative argument that plaintiff's allegations should be stricken for failing to meet Rule 8 requirements is similarly unavailing.  As one district court has noted under similar circumstances, "[t]his is a legal and factual argument" and defendant does not argue that the allegations are "redundant, immaterial, impertinent, or scandalous."  *Kennedy v. El Centro Reg'l Med. Cntr.*, No. 22-cv-01522-JLS-LR, 2023 WL 6035593, at *12 (S.D. Cal. Mar. 29, 2023). Defendant cites several cases in support of its argument that plaintiff's barebones allegation of a rounding policy is insufficient to support his claims.  (Doc. Nos. 23-1 at 17–18; 27 at 12–13.) That cited authority may provide support to defendant's 12(b)(6) motion to dismiss because it discusses whether factual allegations of a rounding policy are sufficient to allege underpayment claims.  (*See* Doc. No. 23-1 at 17.)  However, "[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)." *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (discussing how the defendant's argument that a claim be stricken from the plaintiff's complaint because it sought damages precluded by law does not fit into the "five categories" contemplated by Rule 12(f) and that such a motion was better suited for a Rule 12(b)(6) motion).  Therefore, the court will deny defendant's motion to strike plaintiff's rounding allegations.

**B.      Motion to Dismiss**

      1.      Failure to Pay Wages Claims (Claims 1 and 4)

In its moving to dismiss plaintiff's SAC, defendant argues that claims 1 and 4 are not supported by factual allegations sufficient to satisfy Rule 8's requirements.  (Doc. No. 23-1 at 18.)  In particular, defendant contends that plaintiff's allegations that the regular rate for overtime compensation was miscalculated do not sufficiently allege a violation because plaintiff failed to identify in his SAC any workweek in which he had worked overtime, received a payment, and the payment was miscalculated.  (*Id.* at 18.)  Defendant further argues that plaintiff's allegations that he was pressured to work overtime are insufficient to identify a specific instance of defendant

failing to pay plaintiff overtime wages. (*Id.* at 18–19.)  Additionally, defendant argues that

plaintiff's allegations in support of his minimum wage claim merely recite the law but do not

allege any facts. (*Id.* at 19.)  In his opposition, plaintiff argues that he has stated a claim for

unpaid overtime wages because he alleges his hourly wage and an estimate of how many unpaid

overtime hours he worked per week. (Doc. No. 26 at 13.)  He further contends that he has stated

a claim for unpaid minimum wages because he alleges that defendant's rounding policy

undercounted the hours he worked, causing him to not be compensated for those hours. (*Id.* at

13–14.)  In reply, defendant reiterates that plaintiff's allegations are vague, threadbare and fail to

satisfy Rule 8. (Doc. No. 27 at 13–15.)

        To successfully state a minimum or overtime wage claim under the Fair Labor Standards

Act ("FLSA"), a plaintiff must identify "at least one workweek when he worked in excess of forty

hours and was not paid for the excess hours in that workweek, or was not paid minimum wages."

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26,

2015).  In *Landers*, the Ninth Circuit also advised that:

> A plaintiff may establish a plausible [overtime wage] claim by
> estimating the length of her average workweek during the applicable
> period and the average rate at which she was paid, the amount of
> overtime wages she believes she is owed, or any other facts that will
> permit the court to find plausibility.  Obviously, with the pleading of
> more specific facts, the closer the complaint moves toward
> plausibility.  However, like the other circuit courts that have ruled
> before us, we decline to make the approximation of overtime hours
> the *sine qua non* of plausibility for claims brought under the FLSA.
> After all, most (if not all) of the detailed information concerning a
> plaintiff-employee's compensation and schedule is in the control of
> the defendants.

*Landers*, 771 F.3d at 645 (citations omitted).  This FLSA pleading requirement applies to

minimum and overtime wage claims under state law as well. *See Boyack v. Regis Corp.*, 812 F.

App'x 428, 431 (9th Cir. 2020).[2]  "[A]t the very least, plaintiff[] 'should be able to allege facts

demonstrating that there was at least one workweek in which they worked in excess of forty hours

and were not paid overtime wages.'"  *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d.

---

[2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1   1025, 1033 (C.D. Cal. 2017) (quoting *Landers*, 771 F.3d at 646).

2       In his SAC, plaintiff alleges that he was not paid all minimum wages and overtime hours.

3   (Doc. No. 22 at ¶¶ 66, 95.)  In particular, plaintiff alleges that his starting and ending salary when

4   employed by defendant was $16.00 per hour, that he worked approximately one to two hours per

5   week of unpaid overtime at some point during that period, and that defendant rounded his hours

6   in such a way as to deprive him of minimum wages.  (*Id.* at ¶¶ 19, 29, 40.)  However, plaintiff

7   does not allege a particular workweek where he was not paid overtime wages.  Moreover, while

8   plaintiff does allege that his earning statement on April 1, 2016 was improperly rounded, he does

9   not allege what the true value reflected on that earning statement should have been nor does he

10  even allege that the amount was rounded down.

11      Though defendant's argument that plaintiff must identify a particular workweek or day

12  where he was not paid overtime (Doc. No. 27 at 15) is unpersuasive, it is nonetheless true that a

13  plaintiff must allege facts demonstrating that there was at least one day or workweek where he

14  was not paid overtime.  *See Turner v. LTF Club Mgmt. Co.*, No. 2:20-cv-00046-KJM-JDP, 2022

15  WL 1018498, at *2–6 (E.D. Cal. Apr. 5, 2022) (finding that a plaintiff need not plead specific

16  instances before being allowed to proceed with discovery and gaining access to employer records,

17  thereby clarifying the pleading standard under the decision in *Landers*).  While plaintiff has

18  provided an estimate of how many hours of overtime he worked per week during his period of

19  employment, he has not provided dates for the weeks he purportedly worked overtime nor has he

20  alleged that he never received overtime compensation.  (*See* Doc. No. 22 at ¶¶ 26, 27.)  Dismissal

21  of the claim is required in light of these pleading deficiencies.  *Boian v. Schneider Logistics*

22  *Transloading and Distrib., Inc.*, No. 20-cv-00109-MWF-AFM, 2020 WL 5356707, at *7 (C.D.

23  Cal. May 28, 2020) ("Without dates where [p]laintiff alleges she was not paid minimum wage for

24  all hours worked, or sufficient specificity for the [c]ourt to determine [p]laintiff never received

25  sufficient wages[,]" dismissal is appropriate).  Because plaintiff has also failed to allege the

26  approximate number of hours he worked per week, how frequently he was not paid for overtime

27  hours, or a general estimate of the overtime wages he believes he is owed, the court concludes he

28  has not stated a cognizable claim for failure to pay overtime wages.  *See Perez v. DNC Parks &*

*Resorts at Asilomar, Inc.*, 1:19-cv-00484-DAD-SAB, 2022 WL 411422, at *7 (E.D. Cal. Feb. 10, 2022) (finding that the lack of all such allegations rendered the SAC too vague to state a cognizable claim for relief); *see also Turner v. LTF Club Mgmt. Co.*, No. 2:20-cv-00046-DAD-JDP, 2022 WL 16748700, at *2 (E.D. Cal. Nov. 7, 2022) (finding that alleging the length of the average workweek, average rate of pay, and specific instances of underpayment was sufficient to state a claim for unpaid overtime wages).

Though plaintiff provides some specificity in his SAC by alleging his hourly wage and an estimate of how many hours of overtime he worked on a weekly basis, his allegations are not sufficiently specific to satisfy the requirements of Rule 8. *See Navarrette v. 5-Keys Charter Sch.*, No. 20-cv-02579-PJH, 2021 WL 2383327, at *2 (N.D. Cal. June 10, 2021) (finding that an estimate of overtime hours worked was insufficient where the plaintiff's made blanket allegations of the number of overtime hours worked per day and asserted that he was never compensated). Thus, it has been recognized that contentions that "[p]laintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day[,] and/or in excess of 40 hours in a week" and that "'[d]efendant[] willfully failed to pay all overtime'" are merely "conclusory allegations that do not meet minimum pleading requirements." *Pruitt v. Swift Pork Co.*, No. 15-cv-00187-MMM-MAN, 2015 WL 13916670, at *11 (C.D. Cal. May 4, 2015); *see also Tavares v. Cargill Inc.*, No. 1:18-cv-00792-DAD-SKO, 2019 WL 2918061, at *4 (E.D. Cal. July 8, 2019) (dismissing claim for unpaid overtime wages where the plaintiff made only conclusory allegations and did not allege specific facts such as the typical work schedule). Further, plaintiff here does not allege specific tasks that led to the regular need to work overtime and resulted in his estimation of the overtime wages owed. *See Tinnin v. Sutter Valley Med. Found.*, 647 F. Supp. 3d 864, 868–871 (E.D. Cal. 2022) (collecting cases and finding that the plaintiff's allegations of specific tasks that cause the plaintiff to work overtime supported a reasonable inference that the plaintiff was not paid overtime during at least one workweek).

Plaintiff's minimum wage claim suffers from similar defects. As to that claim, plaintiff alleges that defendant failed to pay all minimum wages due to its rounding policy. (Doc. No. 26 at 13.) However, defendant correctly notes that plaintiff has only alleged the existence of a

rounding policy, but not the actual details of that rounding policy, an instance of the rounding policy lowering his wages,[3] or how the policy would have led to the payment of lessened wages. (Doc. No. 27 at 12.)  "District courts . . . regularly uphold[] the validity of employers' neutral rounding practices[]" brought pursuant to the FLSA.  *Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069, 1076 (9th Cir. 2016) (citing *Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1126 (C.D. Cal. 2011) (holding that rounding practices comply with federal regulations when they favor neither overpayment nor underpayment)).  Because plaintiff has not alleged any facts explaining how the rounding policy caused minimum wage violations, or even any detail of the rounding policy itself, plaintiff has not sufficiently stated a claim for minimum wage violations under a rounding theory.  *See Garza v. WinCo Holding, Inc.*, No. 1:20-cv-01354-JLT-HBK, 2022 WL 902782, at *14 (E.D. Cal. Mar. 28, 2022) (finding that a complaint, which did not allege how a specific rounding policy resulted in "systematic underpayment of minimum wages," did not state a claim for minimum wage violations).[4] Accordingly, the court will grant defendant's motion to dismiss claims 1 and 4 of plaintiff's SAC.

   2.    Failure to Provide Meal and Rest Periods (Claims 2 and 3)

      In its pending motion to dismiss, defendant argues that plaintiff has not alleged sufficient facts to state a cognizable meal break or rest break claim.  (Doc No. 23-1 at 21.)  Defendant contends that plaintiff's allegations fail in two ways:  1) plaintiff has failed to allege the methods by which defendant purportedly prevented plaintiff from having meal and rest periods but rather

/////

---

[3]  The court notes that, while plaintiff does allege that his April 1, 2016 earning statement was rounded, he not only has failed to allege facts explaining how defendant's purported rounding policy works, he also does not allege that his hours were rounded down, or by how much, or whether he was paid less in wages because of this rounding.

[4]  Plaintiff also argues that he has stated a minimum wage violation claim by alleging that he worked overtime hours for which he was not compensated.  (*See* Doc Nos. 22 at ¶ 39; Doc. No. 26 at 13–14.)  Insofar as plaintiff's claim for unpaid minimum wages is founded upon his allegations that he was not paid overtime wages, plaintiff's minimum wage claim suffers from the same defects as his overtime wages claim.  *See Perez*, 2022 WL 411422, at *6–7 (subjecting the plaintiffs' minimum wage claims to the same *Landers* standard as the plaintiffs' overtime wage claims and finding that they had not adequately alleged a workweek in which they were not paid minimum wages).

only alleges that unspecific "pressure" caused plaintiff to miss meal and rest periods[5]; and 2) plaintiff does not identify a specific workweek in which rest or meal periods were missed and in which a premium was not paid.  (*Id.* at 21–22.)  In opposition, plaintiff contends that he has alleged the method by which defendant's policies and practices prevented him from taking meal breaks, the approximate number of meal breaks missed per week, the approximate number of rest breaks missed per month, and the specific pay periods during which he was not paid a rest break premium.[6]  (Doc. No. 26 at 16.)  Plaintiff contends that his allegations in this regard are sufficient to state a cognizable meal and rest break violation claims.  (*Id.*)  Defendant replies that broad allegations of workplace pressure are insufficient to satisfy Rule 8's pleading standard.  (Doc. No. 27 at 16.)

California law requires an employer to provide its non-exempt employees with a thirty-minute meal period for every five hours of work and a rest period as provided by the applicable Industrial Welfare Commission wage order.  *See* Cal. Lab. Code §§ 226.7, 512.  To be a compliant meal break under California law, "an employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work."  *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal.4th 1004, 1034 (2012).  During the rest period, "employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time."  *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal.5th 257, 270 (2016).  To successfully state a meal or rest break claim, a plaintiff must allege facts specifically identifying an instance where they were deprived of a meal or rest break.  *See Landers*, 771 F.3d at 646; *Boyack*, 812 F. App'x at 431 (holding that a rest break claim fell short of the pleading requirements established by the

---

[5]  Defendant contends such allegations are insufficient because plaintiff has not specifically alleged that he did not choose to forgo those breaks.

[6]  Plaintiff separately alleges that defendant failed to relinquish control over him by requiring plaintiff to remain on the premises for the duration of rest periods he did receive.  (Doc. No. 22 at ¶ 36.)  Plaintiff does not allege facts describing the policy that created such a requirement and cannot plausibly allege such a claim based upon such threadbare allegations alone.  *See Rodriguez v. Wal-Mart Assocs., Inc.*, No. 20-cv-07045-AB-KK, 2020 WL 7061426, at *3 (C.D. Cal. Oct. 8, 2020) ("[E]ven [if the p]laintiffs alleged [that the d]efendant had a rest break policy mandating that employees remain on the premises, this assertion alone would not be sufficient to establish unlawful employer control[]") (collecting cases discussing on-premises rest period claims).

1   decision in *Landers* by not "demonstrating at least one workweek in which [the plaintiffs] were

2   personally deprived of rest breaks").

3         Plaintiff has not alleged sufficient facts to state a cognizable claim for missed meal and

4   rest breaks because he has not alleged that defendant impermissibly denied those breaks rather

5   than that plaintiff skipped them by his choice.  Under California law, an employer satisfies its

6   obligation to provide meal periods when "it relieves its employees of all duty, relinquishes control

7   over their activities, . . . permits them a reasonable opportunity to take an uninterrupted 30-minute

8   break, and does not impede or discourage them from doing so."  *Brinker Rest. Corp.*, 53 Cal.4th

9   at 1040–41.  Mere allegations that "workload pressure" led to a plaintiff being unable to take a

10   meal period or rest period are insufficient to state a claim.  *Parsittie v. Schneider Logistics, Inc.*,

11   No. 19-cv-03981-MWF-AFM, 2019 WL 8163645, at *5 (C.D. Cal. Oct. 29, 2019); *see also Avina*

12   *v. Marriott Vacations Worldwide Corp.*, No. 18-cv-00685-JVS-JPR, 2018 WL 6844713, at *4

13   (C.D. Cal. Oct. 15, 2018) (noting that "the question of why a break was not taken . . . is the

14   central inquiry on such claims[]" and finding that the plaintiff was required to allege more than

15   that he "felt rushed[]" to sufficiently allege that the plaintiff did not skip them by choice).  To

16   establish a claim for denial of meal periods or rest periods, plaintiff must allege "the contours of,

17   and . . . factual support for, the alleged pressure tactics used by [defendant.]"  *Ellsworth v.*

18   *Schneider Nat'l Carriers, Inc.*, No. 2:20-cv-01699-SB-SP, 2020 WL 8773059, at *5 (C.D. Cal.

19   Dec. 11, 2020); *see also Avina*, 2018 WL 6844713, at *4 (finding that the plaintiff did not state a

20   cognizable claim when the "type of intimidation or coercion" that led to missed meal or rest

21   periods was not alleged); *cf. Boian*, 2020 WL 5356707, at *8–9 (finding the plaintiff had

22   sufficiently stated a claim for missed meal periods where the plaintiff had alleged direct actions

23   taken by managers to discuss work assignments during those periods but had not sufficiently

24   stated a claim for missed rest periods based only on "scheduling practices, policies, and imposed

25   work demands"); *compare Morales v. Amazon.com, LLC*, No. 2:17-cv-01981-ODW-JEM, 2018

26   WL 3636888 (C.D. Cal. July 30, 2018) (finding that the plaintiff failed to state a claim based on a

27   broad conclusory statement that "workload and pressure required employees to work through

28   their breaks"), *with Frausto v. Bank of Am., N.A.*, No. 18-cv-01983-MEJ, 2018 WL 3659251, at

1   *4 (N.D. Cal. Aug. 2, 2018) (finding that the plaintiff sufficiently stated a meal period claim by

2   alleging that a manager told the employees to forego breaks to handle customer calls).  Because

3   plaintiff has not alleged how defendant's policies or actions prevented him from taking a meal or

4   rest period, he has failed to state a cognizable claim in this regard.[7]  Accordingly, the court will

5   grant defendant's motion to dismiss with claims 2 and 3 in plaintiff's SAC.

6       3.      Failure to Timely Pay Final Wages (Claim 5)

7       Defendant next argues that claim 5 of plaintiff's SAC must be dismissed because it is fully

8   derivative of his prior claims and, further, he has not alleged any factual support for his unpaid

9   timely wages claim.  (Doc. No. 23-1 at 23.)  Defendant also states that plaintiff's claim 5 fails as a

10  matter of law because he is improperly pursuing relief under California Labor Code §§ 201 and

11  202 simultaneously.  (Doc. No. 23-1 at 24.)  Plaintiff in opposition contends that he has

12  successfully alleged that he was not paid overtime wages, minimum wages, or meal and rest

13  break premiums which is sufficient to state a claim that he was not paid his final wages.  (Doc.

14  No. 26 at 16–17.)

15      California Labor Code §§ 201–03 regulate the payment of final wages upon the discharge

16  or resignation of an employee.  While § 201 covers employees terminated by their employers,

17  § 202 covers employees who resign voluntarily.  To enforce these provisions, § 203 authorizes

18  waiting time penalties for employers who "willfully" fail to comply with §§ 201, 202.

19      For the following reasons, the court concludes that plaintiff has not adequately alleged

20  that defendant willfully failed to timely pay his final wages.  First, plaintiff's own contention that

21  his fifth claim rests on his allegations of unpaid overtime and minimum wages, as well as meal

22  and rest break premiums, is fatal to this claim as being derivative of dismissed claims.

23  Additionally, plaintiff cannot seek relief under both §§ 201 and 202 because plaintiff cannot have

24  both resigned and been terminated at the same time.  *See Pineda v. Bank of Am., N.A.*, 50 Cal.4th

25  1389, 1394 (2010).  Finally, in support of his fifth claim, plaintiff's SAC merely parrots the

26  statutory language, and thus "fail[s] to allege specific facts showing a willful refusal to pay wages

27  _____

28  [7]  Given this conclusion, the court declines to consider defendant's further argument that plaintiff had not alleged specific workweeks for which he was denied a meal or rest period.

1  after [p]laintiff's termination[]" as is required to state a claim for relief under California Labor

2  Code §§ 201–03.  *Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2016 WL

3  1161508, at *5 (N.D. Cal. Mar. 23, 2016) (citing *Smith v. Level 3 Commc'ns Inc.*, No. 14-cv-

4  05036-WHA, 2014 WL 7463803, at *3 (N.D. Cal. Dec. 30, 2014) ("To state a plausible claim

5  under [§§] 201 and 203, a plaintiff must allege sufficient detail to plausible show that the

6  employer willfully and intentionally withheld wages."))

7         Accordingly, the court will grant defendant's motion to dismiss claim 5 of plaintiff's

8  SAC.

9         4.     <u>Failure to Timely Pay Wages During Employment (Claim 6)</u>

10        Defendant also argues that claim 6 of plaintiff's SAC must be dismissed because:  (1)

11  there is no private right of action under California Labor Code § 204; (2) that even if pled

12  correctly as a claim for penalties under California Labor Code § 210, such a claim would be

13  barred by the one-year limitations periods; that the claim is derivative of his prior claims; and (3)

14  that the threadbare allegation that plaintiff was not paid all wages due is insufficient to state such

15  a claim.  (Doc. No 23-1 at 24–25.)  Plaintiff does not respond to these contentions in his

16  opposition.  (Doc. No. 26.)

17        "[California Labor Code §] 204 requires the payment of wages in a timely manner; it does

18  not provide a right to wages."  *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136

19  (N.D. Cal. 2011).  Instead, California Labor Code § 210 provides a remedy of a penalty to be

20  recovered by the Labor Commissioner.  *Id.*; Cal. Lab. Code § 210.  However, § 204 can serve as a

21  basis for a claim under the UCL or the Private Attorneys General Act ("PAGA").  *See Nguyen v.*

22  *Wells Fargo Bank*, No. 15-cv-05239-JCS, 2016 WL 5390245, at *10 (N.D. Cal. Sept. 26, 2016).

23  Nonetheless, even if plaintiff seeks to enforce § 204 through the UCL or PAGA, he is unable to

24  state a separate claim based upon § 204 because it does not provide a private right of action.  *Slay*

25  *v. CVS Caremark Corp.*, No. 1:14-cv-01416-TLN-GSA, 2015 WL 2081642, at *7–8 (E.D. Cal.

26  May 4, 2015).  Accordingly, the court will grant defendant's motion to dismiss claim 6 of

27  plaintiff's SAC.  Because plaintiff does allege a cause of action pursuant to the UCL in his SAC,

28  /////

14

the court considers whether he properly alleges a violation of § 204 in this section as a predicate

violation to satisfy the unlawful prong of the UCL.

To the extent that plaintiff's failure to timely pay wages claim is based on his overtime

wage, minimum wage, meal period, and rest period claims which have been found by the court to

be deficient, it is also subject to dismissal.  The court observes that plaintiff's SAC is devoid of

any separate factual allegations in support of his claim 6; indeed, plaintiff explicitly alleges that

the failure to timely pay wages is based on defendant's failure to pay overtime wages, minimum

wages, and premiums for missed meal and rest periods.  (Doc. No. 22 at ¶ 111.)  Because the

court has found that claims 1 through 4 of the SAC are not cognizable, the court concludes that

the plaintiff's derivative claim 6 is also subject to dismissal.  Accordingly, the court will grant

defendant's motion to dismiss claim 6 of plaintiff's SAC. *See Garza*, 2022 WL 902782, at \*15

(dismissing wage and hour claims that were derivative of deficiently plead underlying claims and

collecting cases).

  5.  <u>Failure to Provide Accurate Wage Statements (Claim 7)</u>

California law requires that employers furnish employees with accurate, itemized wage

statements.  Cal. Labor Code § 226(a).  "To recover damages under this provision, an employee

'must suffer injury as a result of a knowing and intentional failure by an employer to comply with

the statute.'"  *Dawson v. HITCO Carbon Composites, Inc.*, No. 16-cv-07737-PSG-FFM, 2017

WL 7806618, at \*5 (C.D. Cal. Jan. 20, 2017) (quoting *Price v. Starbucks, Corp.*, 192 Cal. App.

4th 1136, 1142 (2011)).  This injury requirement, however, "cannot be satisfied simply because

one of the nine itemized requirements . . . is missing from a wage statement." *Id.*

In its pending motion to dismiss, defendant argues that plaintiff's wage statement claim is

derivative of his claims 1 through 4 which are deficiently-pled in the SAC.  (Doc. No. 23-1 at 25.)

In his opposition, plaintiff concedes that his wage statement claim is derivative of his prior

claims.  (Doc. No. 26 at 17.)   The court has found that those prior claims are not cognizable as

pled and therefore concludes that plaintiff's claim 7 also fails for the reasons stated above.

Accordingly, the court will grant defendant's motion to dismiss claim 7 of plaintiff's SAC.  *See*

/////

15

1   *Garza*, 2022 WL 902782, at \*15 (dismissing wage and hour claims that are derivative of

2   deficiently plead underlying claims and collecting cases).[8]

3         6.     <u>Failure to Keep Accurate and Complete Payroll Records (Claim 8)</u>

4         Defendant next argues that claim 8 of plaintiff's SAC must be dismissed as derivative of

5   his prior deficiently-pled claims and because there is no private right of action under California

6   Labor Code § 1174.  (Doc. No. 23-1 at 26.)  Plaintiff provides no argument in opposition to these

7   contentions.  (Doc. No. 26.)

8         The court finds that plaintiff has failed to state a claim pursuant to California Labor Code

9   § 1174.  "Although courts have recognized that a plaintiff may seek to enforce civil penalties for

10   violations of [California Labor Code] § 1174 through [PAGA], . . . the complaint in this case

11   makes no reference to PAGA."  *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-cv-01300-

12   LJO-JLT, 2016 WL 6494296, at \*7 (E.D. Cal. Nov. 2, 2016) (citing *Ramirez v. Manpower, Inc.*,

13   No. 5:13-cv-02880-EJD, 2014 WL 116531, at \*5 (N.D. Cal. Jan. 13, 2014)); *see also Cleveland*

14   *v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958–59 (N.D. Cal. 2016) ("Groceryworks

15   argues that this claim fails as a matter of law because California Labor Code [§] 1174 does not

16   contemplate a private right of action.  Groceryworks is correct.").  Therefore, plaintiff's claim 8 is

17   not cognizable and, accordingly, the court will grant defendant's motion to dismiss it.

18         7.     <u>Failure to Reimburse Business Expenses (Claim 9)</u>

19         In its pending motion, defendant argues that plaintiff has not alleged sufficient facts upon

20   which to properly assert a claim for failure to reimburse necessary business expenses.  (Doc. No.

21   23-1 at 26–27.)  In opposition, plaintiff argues that he has alleged he used his cell phone for

22   business purposes, that defendant knew that he had done so and had incurred related expenses,

23   and that defendant failed to reimburse plaintiff for use of his personal cell phone.  (Doc. No. 26 at

24   /////

---

25   [8]  Even if plaintiff's claims 1 through 4 of his SAC were adequately pled, it is unclear whether a
26   derivative claim for inaccurate wage statements can survive because it could allow double
      recovery in violation of California law.  *Gagnier v. Siteone Landscape Supply LLC*, No. 21-cv-
27   01834-CJC-DFM, 2022 WL 1322294, at \*2–3 (C.D. Cal. Feb. 25, 2022) (collecting cases on
      holding of *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1335 (2018)).  Because
28   defendant's motion will be granted on other grounds, the court need not resolve this issue.

17–18.)  In reply, defendant argues that plaintiff's allegations regarding business expenses incurred are insufficiently specific.  (Doc. No. 27 at 19–20.)

California Labor Code § 2802(a) requires that employers reimburse employees for all reasonable and necessary expenditures incurred in discharging their job duties.  Cal. Lab. Code § 2802.  "To state a claim under [§] 2802(a), a plaintiff must state that '(1) the employee made expenditures or incurred losses; (2) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (3) the expenditures or losses were necessary.'"  *Azipor v. Lowe's Home Ctrs., LLC*, No. 23-cv-00452-LL-DDL, 2024 WL 1349650, at *5 (S.D. Cal. Mar. 29, 2024) (quoting *Gallano v. Burlington Coat Factory of Cal., LLC*, 67 Cal. App. 5th 953, 960 (2021)).  "'To show liability under [§] 2802, an employee need only show that he or she was required to use a personal cell phone to make work-related calls, and he or she was not reimbursed.'"  *Id.* (quoting *Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1145 (2014)).  A plaintiff is not required to "provide a detailed list of every business expense incurred[.]"  *Saunders v. Ameriprise Fin. Servs., Inc.*, No. 18-cv-10668-MWF-AFM, 2019 WL 4344296, at *4 (C.D. Cal. Mar. 19, 2019).

Here, plaintiff alleges in his SAC that he felt "substantially pressured" to use his cell phone for business-related purposes and that he was not reimbursed for the use of his cell phone.  (Doc. No. 22 at ¶ 128.)  Plaintiff does not allege any specific costs that were not reimbursed by defendant.  *See Silva v. AvalonBay Cmtys.*, No. 15-cv-04157-JAK-PLA, 2015 WL 11422302, at *11 (C.D. Cal. Oct. 8, 2015) (finding that the plaintiff's lack of allegations regarding specific costs rendered plaintiff's claim deficient).  Plaintiff also does not allege facts explaining why use of his cell phone was "reasonable and necessary" to complete performance of his job or what specific duties he was obliged to use his cell phone to perform.  *See Reyna v. WestRock Co.*, No. 20-cv-01666-BLF, 2020 WL 5074390, at *11 (N.D. Cal. Aug. 24, 2020).  Though it is not necessary to "provide a detailed list of every business expense incurred," a plaintiff must provide sufficient details to establish the three elements of a failure to reimburse claim as stated above.  *Cf. Saunders*, 2019 WL 4344296, at *4.  Because plaintiff has not clearly alleged that his

1   employer directed him to use his phone or that he incurred expenses as a direct consequence of

2   discharging his job duties, and has also not alleged any facts indicating that the use of his

3   personal cell phone was reasonable and necessary to complete his job duties, he has not stated a

4   cognizable claim for relief pursuant to California Labor Code § 2802(a).  Accordingly, the court

5   will grant defendant's motion to dismiss claim 9 in plaintiff's SAC.

6          8.      UCL (Claim 10)

7          Defendant next argues that claim 10 of plaintiff's SAC, brought pursuant to the UCL,

8   must be dismissed because it is fully derivative of his claims which are not supported by

9   sufficient allegations.  (Doc. No. 23-1 at 27.)  In his opposition, plaintiff does not advance any

10  argument in response to this contention.  (Doc. No. 26.)

11         The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice."  Cal.

12  Bus. & Pro. Code § 17200.  In plaintiff's SAC, he alleges no facts in support of any claim based

13  upon unfairness or fraud and instead appears to advance a claim based solely on the unlawful

14  prong of the UCL.  (Doc. No. 22 at ¶¶ 134, 135.)  "To state a cause of action based on an

15  unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a

16  violation of some underlying law."  *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1303 (S.D.

17  Cal. 2014) (quotation marks omitted) (quoting *Prakashpalan v. Engstrom, Lipscomb and Lack*,

18  223 Cal. App. 4th 1105, 1133 (2014)).  Because the undersigned has determined that plaintiff has

19  not successfully alleged facts that, if proven, would show a violation of another underlying law,

20  plaintiff cannot state a cognizable UCL claim based upon the unlawful prong of that statute.

21  Accordingly, the court will grant defendant's motion to dismiss claim 10 of plaintiff's SAC.[9]

22

23  [9]  Defendant also argues that plaintiff's UCL claim and any other claim for equitable relief are
    barred by the doctrine of *laches*.  (Doc. No. 23-1 at 11–12.)  Defendant requests that the court
24  take judicial notice of several court documents filed in *Alex Chin v. Cole Haan, LLC* before the
    San Francisco County Superior Court and the United States District Court for the Northern
25  District of California as well as documents filed in *Bunkley v. Cole Haan Action* in the Solano
    County Superior Court.  (Doc. No. 23-2 at 1–2.)  These documents include a class action
26  complaint, a motion to remand, multiple memoranda, multiple orders, a declaration, a judgment,
    and a motion to lift stay.  (*Id.*)  The court will deny defendant's request as moot because the cited
27  court documents are offered in support of defendant's *laches* argument which this court declines
    to address in this order because it will dismiss plaintiff's claim on other grounds.
28

1

**D.      Leave to Amend**

2           Finally, leave to amend should be granted "freely" when justice so requires.  Fed. R. Civ.

3   P. 15(a).  The Ninth Circuit maintains a policy of "extreme liberality generally in favoring

4   amendments to pleadings."  *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960).

5   Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could

6   not be saved by any amendment."  *Intri-Plex Techs. v. Crest Grp*., 499 F.3d 1048, 1056 (9th Cir.

7   2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th

8   Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an

9   exercise in futility . . . .").

10          In its pending motion to dismiss, defendant contends that plaintiff has already received

11  numerous opportunities to amend, noting that the parties stipulated to allow plaintiff to file both a

12  FAC and a SAC.  (Doc. No. 23-1 at 7, 18.)  In his opposition, plaintiff requests that the court

13  grant him further leave to amend his SAC, stating that the pleading deficiencies identified by

14  defendant can be corrected through amendment.  (Doc. No. 26 at 18.)  "Courts are free to grant a

15  party leave to amend whenever 'justice so requires,' and requests for leave should be granted with

16  'extreme liberality.'"  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quotation

17  omitted).  Because the deficiencies of plaintiff's SAC noted above can possibly be cured, and

18  because neither of plaintiff's prior amendments took place following any substantive order of this

19  court discussing plaintiff's allegations advanced in support of his claims, further leave to amend

20  cannot yet be said to be futile and will be granted.

21                                           **CONCLUSION**

22          For the reasons explained above,

23          1.      Defendant's request for judicial notice is granted (Doc. No. 23-2);

24          2.      Defendant's motion to dismiss (Doc. No. 23) is granted with leave to amend;

25          3.      Within twenty-one (21) days from the date of entry of this order, plaintiff shall file

26                  either a third amended complaint or a notice of his intent not to do so; and

27  /////

28  /////

19

4.      If a third amended complaint is filed by plaintiff, defendant shall file a responsive

pleading thereto within twenty-one (21) days of its filing.

IT IS SO ORDERED.

Dated:   **January 7, 2025**                        *Dale A. Drozd*
                                                     DALE A. DROZD
                                                     UNITED STATES DISTRICT JUDGE

20